# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>NORTHEASTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) Case No: 15-00242-MHH-HNJ |
| | ) **UNOPPOSED** |
| **MARK ANTHONY BEDWELL** | ) |
| | ) |

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 16(d)(1) of the *Federal Rules of Criminal Procedure*, the United States moves the Court to enter a protective order concerning sensitive discovery material in the above-referenced case. In support thereof, the United States asserts as follows:

1. The Indictment alleges that the defendant committed four counts of Aggravated Sexual Abuse: Crossing a State Line with the Intent to Engage in a Sexual Act with a Child Under 12, in violation of Title 18, United States Code Section 2241(c).

2. Evidence supporting the Indictment consists of records that contain personally identifying and victim information, including names, residential addresses, and details concerning sexual encounters with a minor child (hereinafter, the "Sensitive Information"). The United States will produce and make this information available to the defendant pursuant to Rule 16.

3. The volume and form of documents reflecting the Sensitive Information, however, make it impractical to manually redact each document prior to production to the defendant and his counsel.

4. To balance the defendant's rights with the privacy interests reflected within the Sensitive Information, the United States requests that the Court enter a protective order that:

(a) permits the United States to disclose to defense counsel un-redacted versions of some of the discovery material that cannot be redacted in this case; and

(b) requires counsel for the defendant:

(i) use the items *only* as necessary to prepare and present the defendant's defense;

(ii) to acknowledge that the defendant understands the sensitive nature of this discovery and that it should not and may not be shared with anyone except counsel and professional members of the defense team;

(iii) collect and return to the United States, or destroy, all *paper and electronic copies* of discovery materials in counsel's possession following completion of the case;

      (iv)    not leave such items in the defendant's control or custody, or in the custody or control of any person who is not a professional member of the defense team (*e.g.,* attorneys, paralegals, legal assistants, and expert witnesses).

      5.    Such a protective order would provide defense counsel with access to necessary discovery but will also protect the Sensitive Information. A proposed order is included with this Motion as **Exhibit A**. Undersigned counsel has conferred with counsel for the defendant, who has indicated that he has no opposition to the entry of the proposed order.

      WHEREFORE, the United States respectfully requests that Court enter an appropriate protective order.

      Respectfully submitted this the 6th day of December, 2022.

      PRIM F. ESCALONA
      United States Attorney


      */s/ Mary Stuart Burrell*
      Mary Stuart Burrell
      Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that I filed this document electronically with the United States District Court for the Northern District of Alabama using the CM/ECF system, and thereby caused a copy to be served on the defendant's counsel of record.

>/s/ *Mary Stuart Burrell*
>Mary Stuart Burrell
>Assistant United States Attorney